**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY,<br><br>    *Plaintiffs,*<br><br>v.<br><br>PENG SHENG JIALIAN CO., LTD.,<br><br>    *Defendant.* | CASE NO.:  1:26-cv-12126<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (together, "SharkNinja") allege as follows against Defendant Peng Sheng Jialian Co., Ltd. ("Defendant").

1. This is an action for patent infringement arising from Defendant's making, using, offering for sale, selling, and importing into the United States unauthorized products that infringe SharkNinja's design and utility patents. SharkNinja owns U.S. Patent Nos. D1,100,567 (the "'567 Patent"), D1,101,472 (the "'472 Patent"), D1,101,481 (the "'481 Patent"), and 12,426,739 (the "'739 Patent," collectively the "SharkNinja Patents").

2. The SharkNinja Patents are valid, subsisting, and in full force and effect. SharkNinja is the owner and lawful assignee of all right, title, and interest in the SharkNinja Patents, which were duly issued by the United States Patent and Trademark Office. True and correct copies of the SharkNinja Patents are attached as **Exhibits A-D**.

3. Defendant directly and indirectly imports, develops, designs, manufactures, distributes, markets, offers for sale, and sells products that infringe the SharkNinja Patents in the United States, including in this Judicial District, and Defendant purposefully directs infringing

1

activities to this District. Defendant conducts marketing and sales activities through fully interactive e-commerce storefronts on major online marketplaces (collectively, "Internet Stores").

4.    SharkNinja's Ninja CRISPi Portable Air Fryer (the "Ninja CRISPi") incorporates the innovative features and ornamental designs claimed in the SharkNinja Patents. Defendant's Tixixc-branded air-fryer products sold through Internet Stores also embody those claimed features and ornamental designs, and are inferior imitations of the Ninja CRISPi.

5.    As a result of Defendant's infringing actions, SharkNinja has suffered and continues to suffer irreparable harm from the loss of its exclusive rights to make, use, sell, offer for sale, and import products embodying the patented inventions and designs, and therefore seeks injunctive relief.

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because SharkNinja asserts claims arising under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq.

7.    Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities to the United States, including to the Commonwealth of Massachusetts and this Judicial District, through fully interactive e-commerce storefronts accessible to consumers in Massachusetts.

8.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant committed acts of infringement in this District and transacts business here. Venue is also proper under 28 U.S.C. § 1391(c)(3).

**THE PLAINTIFF**

9.     SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja is the registered applicant and assignee of the SharkNinja Patents. SharkNinja Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC. SharkNinja Sales Company is an implied licensee of the SharkNinja Patents.

10.     SharkNinja began three decades ago with a mission to provide efficient, user-friendly, and affordable household appliances. From its start as a one-person company, SharkNinja has grown into a market leader and global brand with more than twenty categories of home appliance products, including floorcare, environmental products such as fans and purifiers, kitchen appliances, and innovative portable air fryer designs. SharkNinja now has eight offices and thousands of employees in the United States.

11.     SharkNinja has a well-known history as a pioneer and innovator. It devotes significant resources to research and development, including a team of more than 800 design engineers focused on developing new products and features to improve and transform household appliances. This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home-appliance technologies and designs, and the SharkNinja Patents asserted in this action reflect that history of innovation.

12.     SharkNinja is involved in the sale and distribution of the Ninja CRISPi and has been harmed by Defendant's infringing activities.

**THE NINJA CRISPi**

13.     This action concerns SharkNinja's intellectual property rights related to its "i" class of home appliances, and specifically the Ninja CRISPi, which brings innovative solutions to home

kitchens. SharkNinja began the "i" class with the Ninja FOODi line of multi-cookers. Its innovation continued with the Ninja CREAMi, an ice-cream maker launched in August 2021 that drew significant consumer and press attention for allowing users to create ice-cream–style desserts from nearly any ingredient. SharkNinja expanded the lineup with the Ninja SPEEDi, a 10-in-1 rapid cooker launched in March 2023, and the Ninja THIRSTi, a carbonated beverage maker released in July 2023. One of SharkNinja's most recent offerings in this lineup is the Ninja CRISPi, a portable air fryer that allows users to prepare, cook, serve, and store food in the same glass vessel using an ergonomic removable air-fryer pod.

14.     Launched on September 26, 2024, the Ninja CRISPi created a new portable air-fryer category for home consumers. Unlike prior countertop air fryers that use fixed drawer-style cooking baskets, the Ninja CRISPi reimagines the appliance entirely by allowing consumers to prepare food in a unique glass container and then cook it in that same container using a removable air-fryer pod that operates from the top. A uniquely designed base holds the glass container during cooking and allows consumers to handle it safely across all modes of use. Examples of the Ninja CRISPi are shown below:

 

| *Ninja CRISPi air fryer and glass cooking container* | *Ninja CRISPi air fryer pod* |

15.     Following its launch, the Ninja CRISPi gained a passionate consumer following, including numerous positive online reviews. Its success resulted from months of consumer research, engineering, development, and industrial design work by SharkNinja. SharkNinja holds significant intellectual property rights relating to the innovations in the Ninja CRISPi, including the designs protected by the SharkNinja Patents.

16.     SharkNinja is the official source of the Ninja CRISPi in the United States.

17.     SharkNinja Operating LLC is the owner and lawful assignee of all right, title, and interest in the SharkNinja Patents.

18.     The Ninja CRISPi embodies the ornamental designs depicted and claimed in the SharkNinja Patents.

## THE SHARKNINJA PATENTS

19.     SharkNinja has filed for and obtained patent protection for its technological developments and ornamental designs in the field of portable air fryers. The innovative features and ornamental designs claimed in the SharkNinja Patents are the product of significant research, testing, and design efforts by SharkNinja's engineers.

20.     The '567 Patent concerns air fryers. *See* **Ex. A**. Specifically, it claims aspects of the ornamental design of a removable air-fryer pod, as shown in exemplary Figure 1 of the '567 Patent:



**FIG. 1**

21.     The '472 Patent concerns air fryers. *See* **Ex. B**. Specifically, it claims aspects of the ornamental design of a removable air-fryer pod together with a glass cooking container and a size adapter between the pod and the container, shown in exemplary Figure 1 of the '472 Patent:



**FIG. 1**

22.     The '481 Patent concerns air fryers. *See* **Ex. C**. Specifically, it claims aspects of the ornamental design of an air fryer adapter, as shown in exemplary Figure 1 of the '481 Patent:



23.    The '739 Patent concerns innovative vessel assemblies for use with cooking devices, such as air fryers.  *See* **Ex. D**.  For example, it claims an innovative vessel assembly comprising a vessel having a cavity therein and a sidewall having a first indent and a first detent positioned thereon.  *See e.g.,* '739 Patent, claim 14.  The vessel assembly also includes a base positioned below a bottom surface of the vessel and a connector plate extending from the base and including a second indent and a second detent.  *Id.*  The first detent is received within the second indent, and the second detent is received within the first indent when the base is connected to the vessel.  *Id.*  The connector plate is flexible.  *Id.*  Just one example of such a vessel assembly supporting a cooking device is shown in Figure 1A of the '739 Patent:



FIG. 1A

24.    The SharkNinja Patents contribute to the success of the Ninja CRISPi, as the claimed air-fryer pod and vessel assembly capture the essence and features of the product that

enable its portable, safe air-frying functionality, which drives the Ninja CRISPi's user-friendly, at-home applications.

25.     SharkNinja recognized the importance and market value of the SharkNinja Patents and has used the inventions claimed in these patents in the Ninja CRISPi.

26.     SharkNinja has marked the Ninja CRISPi with the SharkNinja Patents' numbers, including by stating on the product box that "[t]his product may be covered by one or more U.S. Patents. See sharkninja.com/patents for more information." That URL directs to the following marking:

**Ninja Crispi® Portable Air Fryer (FN Series)**
- 12,426,739
- D1,100,567
- D1,101,472
- D1,101,481

### THE DEFENDANT

27.     Defendant Peng Sheng Jialian Co., Ltd. is a limited company organized under the laws of Hong Kong SAR of China with a principal address at Megacube, 8 Wang Kwong Road, Rm F602, 6/F, Office 26, Kln Bay, Hong Kong SAR of China, 999077, HK.  Public records, including the Tixixc Direct storefront on Amazon.com, indicate that Defendant operates the Amazon store that sells the Tixixc-branded air fryer products that practices the SharkNinja Patents.

28.     On information and belief, this Defendant sells, offers to sell, distributes, or facilitates the sale of Tixixc-branded air-fryer products to consumers in the United States, including in this District, through fully interactive e-commerce marketplaces and online storefronts accessible to Massachusetts residents.

8

29.     In particular, Defendant sells the Tixixc-branded 5-in-1 Glass Air Fryer product with 4QT & 6-Cup Glass Bowls (collectively, the "Accused Products") that bear a striking resemblance to the Ninja CRISPi and make unauthorized use of the ornamental designs and innovative features claimed in the SharkNinja Patents.

30.     An exemplary image of the Tixixc unit, taken from its Amazon.com listing, is shown below at left, with the Ninja CRISPi at right for reference:



| *Tixixc* | *Ninja CRISPi* |

## FIRST CLAIM FOR RELIEF
### *(Infringement of U.S. Patent No. D1,100,567)*

31.     SharkNinja incorporates and realleges paragraphs 1 through 30 of this Complaint.

32.     SharkNinja is the assignee of the '567 Patent, entitled "Air Fryer," with ownership of all substantial rights in the '567 Patent, including the rights to exclude others from practicing the patented design and to enforce, sue, and recover damages for infringement.

33.     The '567 Patent is valid, enforceable, and was duly issued on November 4, 2025, from U.S. Patent Application No. 29/961,223, filed on September 4, 2024.

34.     Defendant has made, used, offered to sell, sold, and/or imported into the United States Tixixc-branded air-fryer products, including the Accused Products, that appropriate the

patented ornamental design of the '567 Patent, and thus directly infringe the '567 Patent under 35 U.S.C. § 271(a).

35.    The Accused Products embody and appropriate the overall visual appearance and ornamental features claimed in the '567 Patent and are substantially the same in overall impression to the patented design.

36.    For example, the Accused Products bear a substantially similar overall ornamental appearance to the design claimed in the '567 Patent, shown below:



| '567 Patent, Figure 2 | Tixixc |



| '567 Patent, Figure 1 | Tixixc |

37.     At a minimum, Defendant had knowledge of the '567 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the '567 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since November 5, 2025.

38.     SharkNinja has been damaged by Defendant's infringement and is entitled to equitable relief under 35 U.S.C. §§ 283.

**SECOND CLAIM FOR RELIEF**
*(Infringement of U.S. Patent No. D1,101,472)*

39.     SharkNinja incorporates and realleges paragraphs 1 through 38 of this Complaint.

40.     SharkNinja is the assignee of the '472 Patent, entitled "Air Fryer," with ownership of all substantial rights in the '472 Patent, including the rights to exclude others from practicing the patented design and to enforce, sue, and recover damages for infringement.

41.     The '472 Patent is valid, enforceable, and was duly issued on November 11, 2025, from U.S. Patent Application No. 29/961,222, filed on September 4, 2024.

42.     Defendant has made, used, offered to sell, sold, and/or imported into the United States Tixixc-branded air-fryer products, including the Accused Products, that appropriate the patented ornamental design of the '472 Patent, and thus directly infringe the '472 Patent under 35 U.S.C. § 271(a).

43.     The Accused Products embody and appropriate the overall visual appearance and ornamental features claimed in the '472 Patent and are substantially the same in overall impression to the patented design.

44.     For example, the Accused Products bear a substantially similar overall ornamental appearance to the design claimed in the '472 Patent, shown below:



| | |
|---|---|
| *'472 Patent, Figure 1* | *Tixixc* |

45.    At a minimum, Defendant had knowledge of the '472 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the '472 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since November 12, 2025.

46.    SharkNinja has been damaged by Defendant's infringement and is entitled to equitable relief under 35 U.S.C. §§ 283.

**THIRD CLAIM FOR RELIEF**
*(Infringement of U.S. Patent No. D1,101,481)*

47.    SharkNinja incorporates and realleges paragraphs 1 through 46 of this Complaint.

48.    SharkNinja is the assignee of the '481 Patent, entitled "Air Fryer Adapter," with ownership of all substantial rights in the '481 Patent, including the rights to exclude others from practicing the patented design and to enforce, sue, and recover damages for infringement.

49.    The '481 Patent is valid, enforceable, and was duly issued on November 11, 2025, from U.S. Patent Application No. 29/961,224, filed on September 4, 2024.

50.      Defendant has made, used, offered to sell, sold, and/or imported into the United States air-fryer products that appropriate the patented ornamental design of the '481 Patent, and thus directly infringe the '481 Patent under 35 U.S.C. § 271(a), including in this Judicial District.

51.      The Accused Products embody and appropriate the overall visual appearance and ornamental features of the Ninja CRISPi and, specifically, the size adapter claimed in the '481 Patent which is substantially the same in overall impression to the patented design.

52.      For example, the Accused Products' size adapters bear a substantially similar overall ornamental appearance to the design claimed in the '481 Patent, as shown below:



| '481 Patent, Figure 1 | Tixixc |



'481 Patent, Figure 2

Tixixc

53. At a minimum, Defendant has had knowledge of the '481 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the '481 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since November 12, 2025.

54. SharkNinja has been damaged by Defendant's infringement and is entitled to equitable relief under 35 U.S.C. §§ 283.

**FOURTH CLAIM FOR RELIEF**
*(Infringement of U.S. Patent No. 12,426,739)*

55. SharkNinja incorporates and realleges paragraphs 1 through 54 of this Complaint.

56. SharkNinja is the assignee of the '739 Patent, entitled "Cooking devices and components thereof," with ownership of all substantial rights in the '739 Patent, including the rights to exclude others from practicing the patented invention and to enforce, sue, and recover damages for infringement.

57. The '739 Patent is valid, enforceable, and was duly issued on September 30, 2025, from U.S. Patent Application No. 18/883,593, filed on September 12, 2024.

58. Defendant has made, used, offered to sell, sold, and/or imported into the United States air-fryer products that appropriate the claimed features of the '739 Patent, and thus directly infringe the '739 Patent under 35 U.S.C. § 271(a), including in this Judicial District.

59. The Accused Products practice each and every limitation of at least claim 14 of the '739 Patent. Indeed, the Accused Products are an obvious knock-off of SharkNinja's viral hit product, Ninja CRISPi and were intentionally designed to copy the form and function of CRISPi. Infringement is readily apparent from inspection of the product. Claim 14 of the '739 patent covers a vessel assembly configuration of the Ninja CRISPi and the Accused Products are using that same configuration.

60.    In particular, claim 14 requires the following elements:

- "a vessel having a cavity therein and a sidewall having a first indent and a first detent positioned thereon"

- "a base positioned below a bottom surface of the vessel"

- "a connector plate extending from the base and including a second indent and a second detent"

- "wherein the first detent is received within the second indent, and the second detent is received within the first indent when the base is connected to the vessel"

- "wherein the connector plate is flexible."

61.    Regarding the first element, the Accused Products include a glass cooking vessel with a cavity therein (i.e., the volume of the vessel meant to receive food) and a sidewall having a first indent and a first detent positioned thereon. The first indent and first detent are formed in the glass to facilitate connection between the glass vessel and the black plastic base.  This is readily seen in the product listing images and confirmed by inspection:



62.    Regarding the second element, the Accused Products include a base (i.e., the black plastic part) positioned below a bottom surface of the vessel. This base is also shown on the product pages, and is apparently below the bottom of the glass vessel:



63.    Regarding the third element, the Accused Products include a connector plate (i.e., vertically oriented black plastic part) extending from the base and including a second indent and a second detent, which is apparent looking at the base from the front in the product page pictures. The second indent and second detent are formed in the black plastic to facilitate connection between the plastic and the glass.



64.    Regarding the fourth element, the Accused Products include that the first detent is received within the second indent, and the second detent is received within the first indent when the base is connected to the vessel for at least the same reasons described above.

65.     Regarding the fifth element, the Accused Products include a flexible connector plate, confirmed by inspection of the product.  The tall black plastic connector plate is made of a thin portion of plastic, which is flexible when pressure is applied to any end.

66.     Accordingly, the Accused Products infringe at least claim 14 of the '739 Patent.

67.     The Accused Products infringe at least claim 1 of '739 Patent for substantially the same reasons using substantially the same features.

68.     At a minimum, Defendant had knowledge of the '739 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the '739 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since at least November 12, 2025.

69.     SharkNinja has been damaged by Defendant's infringement and is entitled to equitable relief under 35 U.S.C. §§ 283.

## PRAYER FOR RELIEF

WHEREFORE, SharkNinja respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

a.     A judgment that Defendant has infringed the SharkNinja Patents under 35 U.S.C. § 271(a).

b.     A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, restraining Defendant and its subsidiaries, officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participation with it from making, using, offering to sell, selling, or importing into the United States any products, including Tixixc-branded air-fryer products and the Accused Products, that embody, appropriate, use, or are colorably similar to the ornamental designs and inventive features claimed in the SharkNinja Patents.

c.     Such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja demands a trial by jury on all issues so triable.

Dated:  May 11, 2026                                            Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Emyr T. Remy*
Emyr T. Remy (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

***Attorneys for Plaintiffs***
***SHARKNINJA OPERATING LLC and***
***SHARKNINJA SALES COMPANY***

18